(Reap. Dec. 9316)

ROSS PRODUCTS, INC. *v.* UNITED STATES

Entry No. 840122/2.

(Decided February 20, 1959)

*Siegel, Mandell & Davidson* for the plaintiff.

*George Cochran Doub*, Assistant Attorney General, for the defendant.

MOLLISON, Judge: Counsel have stipulated and agreed in this case as follows:

IT IS STIPULATED AND AGREED by and between the respective parties hereto, subject to the approval of the Court, that the export value of the merchandise at the time of exportation to the United States covered by the Appeal to Reappraisement enumerated above at which time such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported in the usual wholesale quantity and in the ordinary course of

trade for export to the United States, including cost of containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise ready for shipment to the United States was the entered unit values and that the issues involved are similar in all material respects to the issues involved in *Ross Products Inc.* v. *United States*, Reappraisement Decision 9225.

IT IS FURTHER STIPULATED AND AGREED that the foreign market value was no higher for merchandise such or similar to the merchandise herein at the time of exportation thereof.

IT IS FURTHER STIPULATED AND AGREED that the Appeal to Reappraisement referred to herein may be submitted on this stipulation.

On the agreed facts, I find export value, as defined in section 402(d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the items of merchandise covered by the above-entitled appeal for reappraisement, and that such value, as to each item, was the entered unit value.

Judgment will issue accordingly.